IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| vs. | Cause No. 4:14-CR-170-O |
| GARLAND SCOTT JOHNSON   (1) | |

## FACTUAL RESUME

INDICTMENT: One Count: 18 U.S.C. § 922(g)(1). Felon in Possession of Firearm in Commerce.

PENALTY: Imprisonment for not more than Ten (10) years, and a fine not to exceed Two Hundred and Fifty Thousand Dollars ($250,000.00) or both such fine and imprisonment; plus a term of supervised release of not more than Three (3) years may follow any term of imprisonment.

The Court must impose a mandatory special assessment of one hundred dollars ($100.00).

If the Defendant violates any condition of supervised release, he could be imprisoned for the entire term of supervised release, resulting in an additional sentence of up to Three (3) years.

However, in accordance with 18 U.S.C. § 924(e)(1), if the court finds at the time of sentencing that the defendant has three previous convictions by any court referred to in section 922(g)(1) of title 18, United States Code, for a violent felony or a serious drug offense, or both, imprisonment for not less than Fifteen (15) years.

MAXIMUM
PENALTY: Imprisonment for Ten (10) Years and a fine of $250,000.00. Plus a mandatory special assessment of $100.00 and term of supervised release of Three (3) years.

However, in accordance with 18 U.S.C. § 924(e)(1), if the court finds at the time of sentencing that the defendant has three previous convictions by any court referred to in section 922(g)(1) of title 18,

       United States Code, for a violent felony or a serious drug offense, or both, imprisonment for not less than Fifteen (15) years.

ELEMENTS OF
THE OFFENSE: In order to prove the offense of Felon in Possession of Firearm in Commerce, in violation of 18 U.S.C., §§ 922(g)(1), as alleged in the Indictment, the government must prove each of the following elements beyond a reasonable doubt:

 *First*: That the defendant knowingly possessed a firearm, as charged;

 *Second*: That before the defendant possessed the firearm, the defendant had been convicted in a court of a crime punishable by imprisonment for a term in excess of one year, that is, a felony offense; and

 *Third*: That the possession of the firearm was in or affecting commerce; that is, that before the defendant possessed the firearm, it had traveled at some time from one state to another.

STIPULATION OF FACTS:

 On or about August 4, 2010, Garland Scott Johnson was convicted in Somervell County, Texas, cause number 18-00705, for the felony offense of burglary of a habitation.

 On August 7, 2014, in Fort Worth, Texas, FWPD officers arrested Garland Scott Johnson in possession of a Harrington and Richardson, Model 929, .22 caliber revolver, serial number AR21774. Johnson knowingly possessed the revolver.

 The Harrington and Richardson, Model 929, .22 caliber revolver, serial number AR21774, was manufactured outside the State of Texas. The revolver must have traveled in commerce from its place of manufacture to Texas, prior to August 7, 2014.

| | |
|---|---|
| _____ | _____ |
| GARLAND SCOTT JOHNSON | MARK DANIELSON |
| Defendant | Attorney for Defendant |

FACTUAL RESUME - Page 2